IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CRYSTAL MENDENHALL, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO_____ |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY and CAROLYN REYNOLDS, | § § § | |
| Defendants. | | |

## DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant United Property and Casualty Insurance Company ("UPC") files this Notice of Removal:

### I.   Background

1.   On August 09, 2017, Plaintiff Crystal Mendenhall ("Plaintiff") filed this lawsuit in Hidalgo, Texas, against United Property & Casualty Insurance Company.

2.   Plaintiff served UPC with a copy of the Petition on August 21, 2017.

3.   UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading.  *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

4.   As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an index of matters being filed. A copy of the Docket Sheet is attached as Exhibit "B."  A copy of Plaintiff's Original Petition is attached as Exhibit "C" and a copy of the Civil Process Request issued to UPC and Carolyn Reynolds is attached as Exhibit "D."  A copy of the Citation to UPC is attached at Exhibit "E" and copy of the Citation and Return of Service to Carolyn Reynolds is attached as Exhibit "F."

A copy of the Civil Case Information Sheet is attached hereto as Exhibit "G" and a copy of UPC's Original Answer to Plaintiff's Original Petition is attached as Exhibit "H." The List of Counsel and Parties to the Case is attached as Exhibit "I." A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

5. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Hidalgo County, Texas, the place where the removed action has been pending.

## II.   Basis for Removal

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.   The Proper Parties Are Of Diverse Citizenship.

7. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

8. UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas. UPC is organized under Chapter 982 of the Texas Insurance Code.

9. Upon information and belief, Defendant Carolyn Reynolds is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Reynolds, it is UPC's position that she has been fraudulently joined in this action. Therefore, the Texas citizenship of Reynolds should be disregarded for the purposes of evaluating diversity in this matter.

10. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,*

893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

11. Here, Plaintiff asserts generic claims against Reynolds for violations of the Texas Insurance Code as well as breach of the duty of good faith and fair dealing, and violations of the Deceptive Trade Practices Act, (Pl's Orig. Pet., section VIII, Exhibit C). Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Reynolds separate and independent from her work on behalf of UPC because no real facts relating to her have been set forth beyond bare assertions related to her on behalf of UPC. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Reynolds] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Reynolds, for liability separate and apart from any alleged liability against UPC, her presence should be disregarded in determining diversity jurisdiction.

12. Because Plaintiff is a citizen of Texas and Defendant UPC is a citizen of Florida, complete diversity of citizenship exists among the parties.

**B.     The Amount in Controversy Exceeds $75,000.00.**

13.    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition specifically alleges that Plaintiff "seeks monetary relief over $100,000.00 but not more than $200,000.00." *See* Exhibit C §5.

### III.    Conclusion and Prayer

14.    Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  UPC hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055

THOMPSON, COE, COUSINS & IRONS, LLP.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209

**COUNSEL FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

      This is to certify that on the 20th day of September, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

William T. Jones, Jr.
bjones@GBTriallaw.com
Robert D. Green
green@greentriallaw.com
Daniel P. Barton
dbarton@bartonlawgroup.com
Roy J. Elizondo, III
relizondo@GBTriallaw.com
GREEN & BARTON
1201 Shepherd Drive
Houston, TX  77007
Fax:(713) 621-5900
    *Counsel for Plaintiff*

                                 /s/ Rhonda J. Thompson
                                 Rhonda J. Thompson